UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2019 FEB 21  AM 10: 36

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| PETITIONER, | § § | JUDGE DAVID BRIONES |
| v. | § § | |
| APPROXIMATELY $49,810.70, IN FUNDS FOMERLY ON DEPOSIT IN JP MORGAN CHASE BANK ACCOUNT NUMBER XXXXX8314, | § § § § § | CIVIL ACTION NO.<br>EP19CV0067 |
| RESPONDENT. | § § | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the property described below:

- **Approximately $49,810.70, in funds formerly on deposit in JP Morgan Chase Bank account number XXXXX8314,**

hereinafter referred to as the "Respondent Property."

### II.
### STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Property for the violations of Title 18 U.S.C. §§ 1343 and 1957, and subject to forfeiture to the United States

pursuant to Title 18 U.S.C. § 981(a)(1)(C).

> **Title 18 U.S.C. § 981. Civil forfeiture**
> **(a)(1)** The following property is subject to forfeiture to the United States:
> \* \* \*
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or conspiracy to commit such offense.

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This Court has *in rem* jurisdiction over the Respondent Property under Title 28 U.S.C. §§ 1355(b) and 1395(b). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to Title 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Respondent Property was seized in this District.

## IV.
## FACTS IN SUPPORT OF FORFEITURE

### A. Criminal Case

On October 25, 2017, an Indictment (ECF No. 4) was returned against Defendant Manuel Isaac Garciagodoy ("Garciagodoy"), in the Western District of Texas, El Paso Division, under Criminal Case Number EP-17-CR-2152-DB for the violations of Title 18 U.S.C. §§ 286, 287, 1343, and 1957. On January 11, 2018, the Government filed a Bill of Particulars for Forfeiture of Property (ECF No. 46) giving notice of its intent to seek forfeiture on certain properties from Garciagodoy, which included the Respondent Property.

On May 16, 2018, Garciagodoy pled guilty pursuant to a written Plea Agreement (ECF No. 72) with the Government to Count One of the Indictment (ECF No. 4) for the violation of Title 18 U.S.C. § 286. On May 17, 2018, Garciagodoy consented to abandon any and all right, title and interest in the Respondent Property pursuant to an Abandonment of Property agreement with the Government (ECF No. 77), which was entered into the docket by the Court on June 5, 2018.

On September 19, 2018, Garciagodoy was sentenced. In his Judgment in a Criminal Case (ECF No. 114) Garciagodoy was ordered to be committed to the custody of the Federal Bureau of Prisons to be imprisoned for a term of twenty-four (24) months as to Count One of the Indictment (ECF No. 4). Furthermore, Garciagodoy was ordered to forfeit the Respondent Property to the United States in his Judgment in a Criminal Case (ECF No. 114, pg. 8)

**B. Investigation**

On or about February 9, 2016, the Internal Revenue Service ("IRS") received a 2015 Form 1040 Individual Income Tax Return for Manuel Isaac Garciagodoy ("Garciagodoy"). The Form 1040 was electronically filed with the IRS, and was reviewed by IRS Agent Patrick Peevey ("Agent Peevey"). Garciagodoy's name, social security number, and address of 3019 Richmond Avenue, El Paso, Texas 79930 are reported on page one of the Form 1040, and filing status elected on the Form 1040 is single with no spouse or dependents reported on the tax return.

Garciagodoy's 2015 Form 1040 reported two sources of income. The first source of income was reported from wages, salaries, and/or tips totaling $293. The 2015 Form 1040 reports the $293 was paid to Garciagodoy by Greyhound Lines, Inc. Agent Peevey located a record of the IRS receiving a 2015 Form W-2 Wage and Tax Statement from Greyhound Lines, Inc. issued to Garciagodoy for total wages of $292. Agent Peevey recognizes a Form W-2 is the

form an employer issues to an employee and files with the IRS. The Form W-2 reports an employee's calendar year wages and the amount of taxes withheld from the employee's wages.

The second source of income reported on Garciagodoy's 2015 Form 1040 was taxable interest totaling $2,520,000. The 2015 Form 1040 reports two payers for the taxable interest. The first was BBMC Properties, LLC ("BBMC") in the amount of $1,305,000, and the second was Triple Tiger Investments, LP ("Triple") in the amount of $1,215,000.

On June 13, 2016 Agent Peevey interviewed an employee ("E-1") of Uprising Investments, LLC ("Uprising"). Uprising services real estate mortgages for BBMC. E-1 stated BBMC provided $145,000 in financing to Garciagodoy on or about February 5, 2015 for the purchase of a residence located at 9705 Eugenia Court, El Paso, Texas 79925. E-1 stated, Garciagodoy made no payments towards the loan, and the residence was foreclosed on or about August 4, 2015. E-1 stated, BBMC only loaned money to Garciagodoy, and they never paid any interest income to Garciagodoy. E-1 was asked if BBMC paid $1,305,000 in interest income to Garciagodoy during 2015, to which E-1 responded that no interest was paid to Garciagodoy.

On June 6, 2016, Agent Peevey interviewed an employee ("E-2") of Triple. E-2 stated, Triple provided $135,500 in financing to Garciagodoy on or about December 30, 2014 for a residence located at 10124 Cork Drive, El Paso, Texas 79925. E-2 stated, Garciagodoy made no payments towards the loan, and the residence was foreclosed on or about August 6, 2015. E-2 stated, Triple only loaned money to Garciagodoy, and they never paid any interest income to Garciagodoy. E-2 was asked if Triple paid $1,215,000 in interest income to Garciagodoy during 2015, to which E-2 responded no interest was paid to Garciagodoy.

Garciagodoy's 2015 Form 1040 reported federal income tax withheld from W-2 and 1099 totaling $2,516,020. Agent Peevey discovered one record of federal income tax withholding

reported on a 2015 Form W-2 Wage and Tax Statement from Greyhound Lines, Inc. issued to Garciagodoy totaling $20. Agent Peevey also discovered two records of Form 1099-OID (Original Issue Discount) filed with the IRS reporting withholding for Garciagodoy. The two Form 1099-OIDs reported the payers as BBMC and Triple, and reported withholding amounts of $652,500 and $607,500, respectively. BBMC and Triple confirmed that they never prepared Forms 1099-OID, or issued them to the IRS. BBMC and Triple also confirmed they never made any payments to the IRS related to Garciagodoy. Agent Peevey knows, through experience and knowledge, the legitimate purpose of a Form 1099-OID is to report information to the IRS when an individual purchases a bond or note for less than face value. Agent Peevey also knows, through experience and knowledge, that individuals will send Forms 1099-OID to the IRS to illegitimately set-off or discharge debts using a fictitious line of credit. Agent Peevey, through experience and knowledge, knows that one method individuals use to obtain fraudulent tax refunds is to report amounts due to creditors as income, and the same or similar amounts as withholding on a Form 1040 resulting in a large tax refund being claimed. As a result of what was reported as income and withholding on Garciagodoy's 2015 Form 1040 a refund of $1,473,455 was claimed.

On or about April 22, 2016, a United States Treasury check was issued to Garciagodoy in the amount of $1,454,681.99 as a result of Garciagodoy's 2015 Form 1040 filed with the IRS. The address printed on the tax refund check and where the tax refund check was mailed is 3019 Richmond Avenue, El Paso, Texas 79930. Agent Peevey obtained records from JP Morgan Chase Bank ("Chase") and discovered the United States Treasury check was deposited into Chase account XXXXX1397 ("Chase Account 1397") on or about April 25, 2016. The records show the balance of Chase Account 1397 at the time of the deposit was $115.30. The signature

card for Chase Account 1397 shows Garciagodoy as the sole owner of the account, and that the account was opened on July 7, 2015. The personal address of Garciagodoy reported on the signature card is 3019 Richmond Avenue, El Paso, Texas 79930.

On July 8, 2016, Agent Peevey interviewed an employee ("E-3") with JP Morgan Chase Bank in El Paso, Texas. E-3 positively identified Garciagodoy, and stated that on or about April 25, 2016, Garciagodoy came into the Chase Bank branch located at 201 E. Main Street, El Paso, Texas 79901, and deposited a United States Treasury tax refund check in the amount of $1,454,681.99 into Chase Account 1397.

On or about April 27, 2016, Garciagodoy withdrew $1,453,000 out of Chase Account 1397. Garciagodoy met with E-3 at the time of the withdrawal and opened two JP Morgan Chase bank accounts including account XXXXX6990 ("Chase Account 6990"). Agent Peevey obtained records from JP Morgan Chase Bank for Chase Account 6990. The signature card for Chase Account 6990 shows Garciagodoy as an owner of the account. The records show that on or about April 27, 2016, Garciagodoy deposited $543,000 into Chase Account 6990, and on or about May 2, 2016, $50,000 was wired out of Chase Account 6990 to JP Morgan Chase Bank account XXXXX8314 (Chase Account 8314).

Agent Peevey obtained records from JP Morgan Chase for Chase Account 8314, which is the same account the Respondent Property was seized from. The signature card for Chase Account 8314 shows Alicia Acosta ("Acosta") as the sole owner of the account, and the account was opened on May 17, 2012. The records show $50,000 was wired into Chase Account 8314 on or about May 2, 2016. Before the $50,000 deposit was wired, Chase Account 8314 had a balance of $2,351.53.

6

On or about June 17, 2016, Acosta provided information to an IRS Revenue Officer, which included a secured promissory noted dated October 28, 2014 in which Acosta loaned $25,000 to Garciagodoy. On June 28, 2016 Acosta was interviewed by a Federal Bureau of Investigations Task Force Officer, whereas she stated that since Garciagodoy took eighteen months to pay back the money she loaned him, Garciagodoy agreed to pay Acosta $50,000. Garciagodoy told Acosta the money was coming from an IRS tax refund that Garciagodoy had received.

Records for Chase Account 8314 show disbursements totaling $2,668.04, interest deposits totaling $6.83, and other deposits totaling $119.99 subsequent to the $50,000 deposit originating from Chase Account 6990. Records for Chase Account 8314 showed a balance of $49,810.31 as of September 19, 2017.

**C. Seizure of the contents of Chase Account 8314**

Records obtained by Agent Peevey from JP Morgan Chase regarding Chase Account 8314 state the account was opened on May 17, 2012, and prior to the deposit of the $50,000 wired from Chase Account 6990 had a balance of $2,351.53 on deposit.

On October 25, 2017, the Honorable Miguel A. Torres issued a Warrant to Seize Property Subject to Forfeiture ("Seizure Warrant") under Title 18 U.S.C. § 981 for United States currency, not exceeding $50,000, in Chase Account 8314.

On October 30, 2017, Agent Peevey executed the Seizure Warrant. Subsequently, JP Morgan Chase provided a cashier's check bearing check number 4555994062 in the amount of $49,810.70 in United States currency.

Based upon the foregoing, the Respondent Property is subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), as property involved in violations of Title 18 U.S.C. §§ 1343 and 1957.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Property, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the Respondent Property be forfeited to the United States of America, that the Respondent Property be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
United States Attorney for the
Western District of Texas

By: _____
Kristal M. Wade
Assistant United States Attorney
New Mexico Bar No. 8204
700 E. San Antonio Ave., Suite 200
El Paso, Texas 79901
Tel: (915) 534-6884
Fax: (915) 534-3461

---

[1] Appendix A, Notice of Complaint of Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Properties.

## **VERIFICATION**

Special Agent, Patrick Peevey, declares and says that:

I am a Special Agent with the Internal Revenue Service, assigned to the El Paso Field Office, and I am the investigator responsible for the accuracy of the information provided in this complaint.

I have read the above Verified Complaint for Forfeiture and know the contents thereof based upon my personal participation in the investigation, my conversations with others, and my review of documents and other evidence. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true and correct. Because the Verified Complaint is being submitted for the limited purpose of stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, it does not contain every fact known by me or the United States. Where the actions, conversations, and statements of others are related therein, they are related in substance and in part, unless otherwise stated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this the 21st day of February, 2019.

_Patrick Peevey_
Special Agent Patrick Peevey
Internal Revenue Service

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

EP19CV0067

JUDGE DAVID BRIONES

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

2019 FEB 21 AM 10:36

DISTRICT OF TEXAS

| I. (a) PLAINTIFFS<br>UNITED STATES OF AMERICA | DEFENDANTS<br>Approximately $49,810.70, in Deposit Funds Formerly on Deposit JP Morgan Chase Bank Account Number XXXXX8314 |
|---|---|
| (b) County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>Kristal M. Wade, Assistant United States Attorney<br>700 E. San Antonio, Suite 200<br>El Paso, Texas 79901 (915) 534-6884 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. §§ 981(a)(1)(C)

Brief description of cause:
Wire Fraud and Money Laundering (18 U.S.C. §§ 1343 and 1957)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE DAVID BRIONES
DOCKET NUMBER 3:17-CR-2152-DB

DATE 02/21/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kristal M. Wade

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2019 FEB 21  AM 10: 37

JUDGE DAVID BRIONES

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| PETITIONER, | § | |
| v. | § | CIVIL ACTION NO. |
| APPROXIMATELY $49,810.70, IN FUNDS FOMERLY ON DEPOSIT IN JP MORGAN CHASE BANK ACCOUNT NUMBER XXXXX8314, | § | EP19CV0067 |
| RESPONDENT. | § | |

## NOTICE OF COMPLAINT FOR FORFEITURE

On February 21, 2019, the United States of America, by and through its United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, filed a Verified Complaint for Forfeiture against the property described below, which is also specifically described in the Verified Complaint for Forfeiture, and which is subject to forfeiture to the United States pursuant to Title 18 U.S.C. § 981(a)(1)(C), as property involved in the violation of Title 18 U.S.C. §§ 1343 and 1957, namely:

- **Approximately $49,810.70, in funds formerly on deposit in JP Morgan Chase Bank account number XXXXX8314,**

hereinafter referred to as the "Respondent Property."

Pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, notice to any person who reasonably appears to be a potential claimant shall be by direct notice. Accompanying this notice is the Verified Complaint for Forfeiture which has been filed in this cause and which describes the Respondent Property. Pursuant to Supplemental Rule G(4)(b), any person claiming an interest in the Respondent

Property who has received direct notice of this forfeiture action must file a Claim in compliance with Rule G(5)(a), with the court within **thirty-five (35) days after the notice was sent, if delivered by mail (if mailed, the date sent is provided below), or within 35 days of the date of delivery, if notice was personally served**. An Answer or motion under Rule 12 of the Federal Rules of Civil Procedure must then be filed within **twenty-one (21)** days of the Claim being filed. The Claim and Answer must be filed with the Clerk of the Court, 525 Magoffin, Suite 105, El Paso, Texas 79901, and copies of each must be served upon Assistant United States Attorney Kristal M. Wade, 700 E. San Antonio Ave., Suite 200, El Paso, Texas 79901, or default and forfeiture will be ordered. See Title 18 U.S.C. § 983(a)(4)(A) and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claim and Asset Forfeiture Actions.

Failure to follow the requirements set forth above will result in a judgment by default taken against you for the relief demanded in the complaint.

**DATE NOTICE SENT:** _____

JOHN F. BASH
United States Attorney
for the Western District of Texas

By: _____
Kristal M. Wade
Assistant United States Attorney
New Mexico Bar No. 8204
700 E. San Antonio Ave., Suite 200
El Paso, TX 79901
Tel: 915-534-6884
Fax: 915-534-3461

**Appendix A**

RECEIVED
FEB 21 2019
CLERK U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| PETITIONER, | § § | JUDGE DAVID BRIONES |
| v. | § § | |
| APPROXIMATELY $49,810.70, IN FUNDS FOMERLY ON DEPOSIT IN JP MORGAN CHASE BANK ACCOUNT NUMBER XXXXX8314, | § § § § § § | CIVIL ACTION NO. EP19CV0067 |
| RESPONDENT. | § | |

### WARRANT FOR THE ARREST OF PROPERTIES

TO THE INTERNAL REVENUE SERVICE OR OTHER AUTHORIZED LAW ENFORCEMENT OFFICER OR ANY OTHER PERSON OR ORGANIZATION AUTHORIZED BY LAW TO ENFORCE THE WARRANT:

WHEREAS, on February 21, 2019, Petitioner United States of America, by its attorneys, John F. Bash, United States Attorney for the Western District of Texas, and Assistant United States Attorney Kristal M. Wade, filed a Verified Complaint for Forfeiture in the United States District Court for the Western District of Texas, against Approximately $49,810.70, in funds formerly on deposit in JP Morgan Chase bank account number XXXXX8314, seized on or about October 30, 2017, in El Paso, Texas, in the Western District of Texas (hereinafter referred to as the "Respondent Property"), alleging that the Respondent Property is subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), as property involved in the violation of Title 18 U.S.C. §§ 1343 and 1957, and

WHEREAS an Order has been entered by the United States District Court for the Western District of Texas that a Warrant for Arrest of Property be issued as prayed for by Petitioner United States of America,

YOU ARE THEREFORE COMMANDED to arrest the Respondent Property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the Respondent Property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Property and to make a return as provided by law.

SIGNED this _____ day of February, 2019.

JEANNETTE J. CLACK
United States District Clerk
Western District of Texas

By: _____
Deputy

RECEIVED

FEB 2 1 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

UNITED STATES OF AMERICA, §
§
PETITIONER, §
§
v. §
§
APPROXIMATELY $49,810.70, IN §
FUNDS FOMERLY ON DEPOSIT IN JP §
MORGAN CHASE BANK ACCOUNT §
NUMBER XXXXX8314, §
§
RESPONDENT. §
§

JUDGE DAVID BRIONES

CIVIL ACTION NO.
EP19CV0067

## ORDER FOR WARRANT OF ARREST OF PROPERTY

WHEREAS, on February 21, 2019, Petitioner United States of America, by its attorneys, John F. Bash, United States Attorney for the Western District of Texas, and Assistant United States Attorney Kristal M. Wade, filed a Verified Complaint for Forfeiture in the United States District Court for the Western District of Texas, Approximately $49,810.70, in funds formerly on deposit in JP Morgan Chase bank account number XXXXX8314, seized on or about October 30, 2017, in El Paso, Texas, in the Western District of Texas (hereinafter referred to as the "Respondent Property"), alleging that the Respondent Property is subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 981(a)(1)(C), as property involved in the violation of Title 18 U.S.C. §§ 1343 and 1957,

IT IS THEREFORE ORDERED that a Warrant for the Arrest of Property against the Respondent Property issue as prayed for, and that the Internal Revenue Service, or any other law enforcement officer, or any other person or organization authorized by law to enforce the warrant, be commanded to arrest the Respondent Property and take it into possession for safe custody as provided by Rule G, Supplemental Rules of Federal Rules of Civil Procedure, until

further order of the Court, and to use whatever means may be appropriate to protect and maintain it in their custody, including designating a substitute custodian or representative for the purposes of maintaining the care and custody of the Respondent Property, and to make a return as provided by law.

SIGNED this _____ day of February, 2019.

_____
UNITED STATES DISTRICT JUDGE